FILED
SUPERIOR COURT
OF GUAM

2018 MAR 15 AM 8: 55

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MONSTER AUTO CORPORATION dba GUAM AUTO SPOT, | CIVIL CASE NO. CV1051-17 |
| Plaintiff, | **DECISION AND ORDER** |
| vs. | |
| JEREMY LESLIE, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Defendant Jeremy Leslie's Motion for Judgment on the Pleadings, Rule 12(c) G.R.C.P. was taken under advisement on December 14, 2017. Attorney Martin Deinhart represents Defendant Jeremy Leslie ("Defendant"). Attorney Rachel Taimanao-Ayuyu represents Plaintiff Monster Auto Corporation dba Guam Auto Spot ("Auto Spot"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On October 6, 2017, Auto Spot filed a Complaint for Preliminary Injunction and Damages for Breach of Contract against Defendant. According to the Complaint, Defendant was employed by Auto Spot as its Senior Information Technology Advisor on April 22, 2016.

*Guam Auto Spot vs. Leslie*
Case No. CV1051-17
Decision and Order

In this position, "Defendant had access to and knowledge of confidential information because the company's practices used and relied on information technology" and "Defendant had full access to [it's] computer, point of sale, and technology systems." (Compl. ¶ 16). Defendant was sent off island for specialized training and was also given substantial in-house training for his position. (Compl. ¶¶ 21-13). Defendant left auto-spot on or about October 1, 2016, for a job with a mainland company. (Compl. ¶ 25). Defendant was re-hired at Auto Spot in January 2017 after his mainland employment ended. (Compl. ¶ 26). Defendant was required to sign a non-compete and non-disclosure agreement ("NDA"). (Compl. ¶ 27; Ex. B).

Auto Spot alleges that Defendant breached the NDA by obtaining employment with Nissan Corporation a few weeks after resigning from Auto Spot in July 2017. (Compl. ¶¶ 38-47). Auto Spot seeks a preliminary and permanent injunction against Defendant because it will continue to suffer great or irreparable injury and harm in the form of, among other things:

- Use and or disclosure of consumer information, financial information, and other confidential and proprietary information that is the property [of] Guam Auto Spot;

- Present economic loss, which is unascertainable at this time and future economic loss, which is extremely difficult to calculate;

- Loss of customer goodwill, damage to customer relationships, loss of market position and reputation in the industry, and damage to its valuable competitive advantage – all of which cannot be compensated by an award of damages.

(Compl. ¶¶ 48-50). Auto Spot also seeks damages in an amount to be determined at trial as well as punitive damages of no less than $500,000. *Id.* at ¶¶ 55-56.

On October 30, 2017, Defendant filed his Answer denying that his employment with Nissan is a violation of any duty or terms of the NDA and that the allegation that his "retention of knowledge is a violation of the NDA is a baseless allegation." (Answer ¶ 15). Defendant also puts forth five defenses, that the Complaint fails to state a claim upon which relief can be granted, contracts in restraint of trade are void pursuant to 18 G.C.A. § 88105, the NDA was

*Guam Auto Spot vs. Leslie*
Case No. CV1051-17
Decision and Order

Page 2 of 12

initially void due to no consideration and was superseded by new hiring, any valid portions of the NDA were not violated, and by its express language, the NDA does not prohibit employment with competitors. (Answer at 4, ¶¶ 1-5).

On November 1, 2017, Defendant filed the instant motion, moving the Court for a judgment on the pleadings pursuant to Guam Rules of Civil Procedure Rule 12(c). Defendant argues that the matter should be dismissed because (1) he did not breach the terms of the agreement, (2) contracts in restraint of trade are void on Guam, and (3) there was no agreement between the parties during his employment at Auto Spot. *See generally*, Mot., Nov. 1, 2017. On December 1, 2017, Auto Spot filed its Opposition, arguing judgment on the pleadings is improper, however, should the Court find that the Complaint is lacking sufficiency, it be allowed to amend the Complaint. On December 13, 2017, Defendant filed his Reply.

## DISCUSSION

Under Rule 12:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56.

Guam R. Civ. P. 12(c). When a Guam Rule of Civil Procedure ("GRCP") is "virtually identical" to a Federal Rule of Civil Procedure ("FRCP"), the Supreme Court of Guam has instructed that courts "look to cases which interpret and apply the principles of the federal rule for guidance." *Benevente v. Taitano*, 2006 Guam 15 ¶ 48. As GRCP 12(c) is virtually identical to FRCP 12(c),[1] this Court will turn to cases that apply FRCP 12(c).

---

[1] FRCP 12 provides in relevant part:

> (c) Motion for Judgment on the Pleadings. After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings.

Fed. R. Civ. P. 12(c).

*Guam Auto Spot vs. Leslie*
Case No. CV1051-17
Decision and Order

Page 3 of 12

A Rule 12(c) motion challenges the legal sufficiency of the opposing party's pleadings and operates in much the same manner as a motion to dismiss under Rule 12(b)(6). *See Edgar Ramos v. Docomo Pacific, Inc.*, 2012 Guam 20 ¶ 7. "Judgment on the pleadings cannot be granted unless the trial court is convinced beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Yokeno v. Lai*, 2014 Guam 18 ¶ 20 (quoting *Taitano v. Calvo Fin. Corp.*, 2009 Guam 9 ¶ 6). Judgment on the pleadings is appropriate if, assuming the truth of all material facts pled in the complaint, plus matters for which judicial notice is proper, "it appears beyond doubt that the non-moving party cannot prove any facts that would support his claim for relief." *Morgan v. County of Yolo*, 436 F.Supp.2d 1152, 1155 (E.D. Cal. 2006) (quoting *R.J. Corman Derailment Services, LLC v. Int'l Union of Operating Engineers, Local 150, AFL-CIO*, 335 F.3d 643, 647 (7th Cir. 2003)). *See also Doleman v. Meiji Mutual Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984) (When deciding a Rule 12(c) motion, "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false."); *Yokeno v. Lai*, 2014 Guam 18 ¶ 20 (when reviewing a claim under this standard, the court must "take as true the material facts alleged"). Accordingly, the Court will assume the truth of all material facts pled in Plaintiffs' Complaint. If it appears that Plaintiffs may be able to prove facts to support their claims, the Court must deny Defendant's motion.

Under the NDA, Defendant agreed to not compete with Auto Spot and not disclose any confidential information:

**6. Agreement Not to Compete with the Company**

> A. As long as I am employed by the Company, I shall not participate directly or indirectly, in any capacity, in any business or activity that is in competition with the Company.

> B. In consideration of my employment rights under this Agreement and in recognition of the fact that I will have access to the confidential information of the Company and that the Company's relationships with their customers and potential customers constitute a substantial part of their good will, I agree that for One (1) year from and after termination of my employment, for any reason, unless acting with the Company's

*Guam Auto Spot vs. Leslie*
Case No. CV1051-17
Decision and Order

Page 4 of 12

express prior written consent, I shall not, directly or indirectly, in any capacity, solicit or accept business from, provide consulting services of any kind to, or perform any of the services offered by the Company for, any of the Company's customers or prospects with whom I had business dealings in the next year preceding the termination of my employment.

**7. Unauthorized Disclosure of Confidential Information.** While employed by the company and thereafter, I shall not, directly or indirectly, disclose to anyone outside of the Company any Confidential Information or use any [C]onfidential Information (as hereinafter defined) other than pursuant to my employment by and for the benefit of the Company.

The term "Confidential Information" as used throughout this Agreement means any and all trade secrets and any and all data or information not generally known outside of the Company whether prepared or developed by or for the Company or received by the Company from any outside source. Without limiting the scope of this definition, Confidential Information includes any customer files, customer lists, any business, marketing, financial or sales record, data, plan, or survey; and any other record or information relating to the present or future business, product or service of the Company. All Confidential Information and copies thereof are the sole property of the Company.

Notwithstanding the foregoing, the term Confidential Information shall not apply to information that the Company has voluntarily disclosed to the public without restriction, or which has otherwise lawfully entered the public domain

(Compl., Ex. B, ¶¶ 6-7).

## I. Non-competition agreements are generally void on Guam

The Court will first address Defendant's argument that non-competition clauses in employment contracts are void. *See* Mot. Dismiss at 8-9. Under Guam law, "[e]very contract, by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, otherwise than is provided in [8 G.C.A. §§ 88106, 88107], is to that extent void." 18 G.C.A. § 88105. Guam has two statutory exceptions to the prohibition on non-competition agreements: one who sells the good will of a business[2] and upon dissolution of a partnership.[3]

---

[2] 18 G.C.A. § 88106. Exception: Sale of Good Will.
One who sells the good will of a business may agree with the buyer to refrain from carrying on a similar business within a specified district, city, or a part thereof, so long as the buyer, or any person deriving title to the good will from him, carries on a like business therein.

*Guam Auto Spot vs. Leslie*
Case No. CV1051-17
Decision and Order

Page 5 of 12

Plaintiff argues that the NDA does not violate Guam law because "it does not place a total and complete restraint on Defendant from obtaining employment in the information technology filed, only that in which he must act directly or indirectly in the line of service provided by Guam Auto Spot. Nothing in the NDA precludes him from securing employment in all other industries on Guam, except businesses that offer the same services as Plaintiff." (Opp'n at 6). Alternatively, Plaintiff argues that if the Court should find the non-complete clause void, it should "adopt a public policy exception to an antiquated law," as "[a] majority of jurisdictions have enforced non-compete clauses in employment agreements to protect its trade secrets and to encourage businesses to invest in specialized training and experience in employees." *Id.*

Section 88105 is derived from California Code § 1673, which has since been replaced by California Business and Professional Code § 16600. *See* 18 G.C.A. § 88105, Source; *Wasson v. Berg*, 2007 Guam 16 ¶ 17 fn. 4; *Bosley Medical Group v. Abramson*, 207 Cal. Rptr. 477, 480 (Cal. App. 1984) (recognizing that in 1872, Civil Code sections 1673 through 1675 – the predecessor sections to Business and Professions Code sections 16600 through 16602 – were enacted). Section 16600 of California Business and Profession's Code is nearly identical in substance to Guam's section 88105.[4] California case law is persuasive when there is no compelling reason to deviate from California's interpretation of a statute or rule. *See Castino v. G.C. Corp.*, 2010 Guam 3 ¶ 22 ("California case law is persuasive when there is no compelling reason to deviate from California's interpretation when [interpreting] the Guam Code of Civil Procedure, which has substantially the same language as the California Code of Civil Procedure."); *Stahl v. Stahl*, 2013 Guam 26 ¶ 36 (finding California case law to be persuasive in interpreting a Guam statute that was based on a former California Civil Code section); *Ueda v.*

---

[3] 18 G.C.A. § 88107. Exception: Partnership Agreement.
> Partners may, upon or in anticipation of a dissolution of a partnership, agree that none of them will carry on a similar business within the same city or town where the partnership business has been transacted, or within a specified part thereof.

[4] Cal. Bus. & Prof. Code § 16600 provides:
> Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void.

*Guam Auto Spot vs. Leslie*
Case No. CV1051-17
Decision and Order

Page 6 of 12

*Bank of Guam*, 2005 Guam 23 ¶ 16, n. 7 (same); *People v. Agualo*, 948 F.3d 1116, 1118 (9th Cir. 1991) (noting that the Ninth Circuit has previously held that "decisions of California courts are persuasive on issues of statutory construction and the effect of laws that predate the enactment of the territorial laws of Guam and which precisely follow California statutes.").

In California, covenants not to compete are generally void, subject to certain exceptions including the sale of limited liability corporations, partnerships, and the sale or dissolution of corporations. *See Edwards v. Arthur Anderson LLP*, 189 P.3d 285, 290-91 (Cal. App. 2008). "California courts have consistently affirmed that section 16600 evinces a settled legislative policy in favor of open competition and employee mobility." *Dowell v. Biosense Webster, Inc.*, 102 Cal.Rptr. 3d 1, 8 (Cal. App. 4th 2009). In *Dowell*, the California Court of Appeals found that the "broadly worded noncomplete clause prevent[ed] Dowell and Chapman, for a period of 18 months after termination of employment with Biosense, from rendering services, directly, or indirectly, to any competitor in which the services they may provide could enhance the use or marketability of a conflicting product by application of confidential information to which the employees had access during employment." *Id.* at 9. Thus, "[n]oncompetition agreements are invalid under section 16600 in California even if narrowly drawn, unless they fall within the applicable statutory exceptions." *Id.* at 9. California also has a common law trade secrets exception for covenants not to compete, although there is some doubt as to this exception's continued viability. *See id.* at 11; 44 Cal. Jr. 3d *Monopolies and Restraints of Trade* § 7 (2017).

In this case, the NDA first provides that Defendant agreed that while he was employed by Auto Spot, not to participate directly or indirectly, in any capacity, in any business or activity that is in competition with the company. (Compl., Ex. B., ¶ 6). There are no allegations that Defendant participated directly or indirectly in any business or activity that is in competition with the company *while he was employed by* Auto Spot. Secondly, the NDA provides that after termination of employment from Auto Spot, Defendant is to not, "directly or indirectly, in any capacity, solicit or accept business from, provide consulting services of any kind to, or perform any of the services offered by the Company for, any of the Company's customers or prospects

*Guam Auto Spot vs. Leslie*
Case No. CV1051-17
Decision and Order

Page 7 of 12

with whom I had business dealings in the year next preceding the termination of [his] employment." *Id.*

Neither exception under Guam law for non-compete clauses, the sale of good will or the dissolution of a partnership agreement, is applicable in this case under the facts alleged in the Complaint. *See* 18 G.C.A. §§ 88106, 88107. The Court also does not find that the intended purpose of this non-compete provision to be the protection of Auto Spot's property, trade secrets, and/or other proprietary information as the subsequent provision, Unauthorized Disclosure of Confidential Information (¶ 7), provides such protection and the non-compete provision only places a one-year limitation on Defendant's activities whereas the provision addressing confidential information is not so limited. Additionally, the Court does not find that the non-compete provision lends itself to the construction that Plaintiff asserts in its Complaint. Auto Spot seeks the Court to temporarily and permanently enjoin Defendant from "directly or indirectly competing with Guam Auto Spot within the restricted territory" and from "directly or indirectly soliciting customers of Guam Auto Spot." (Compl. at 9).

The non-compete provision in the NDA refers to performing services to Auto Spot customers or prospective customers, but does not prohibit employment with a competitor, i.e., Nissan. *See* Compl., Ex. B, ¶ 6. "It is clear from [Guam's contract law],[5] that in interpreting a clause of a contract to determine the intent of the contracting parties, whenever possible, the express language of the contract should control." *Camacho v. Camacho*, 1997 Guam 5 ¶ 33. *See also Wasson v. Berg*, 2007 Guam 16 ¶¶ 16-17 (holding Guam follows the majority that adheres to the plain meaning or traditional approach of contract interpretation by looking to the language within the four corners of the contract to determine the parties' intentions). Further, should the Court attempt to construe the non-compete and non-solicitation provisions as Plaintiff seeks, the Court would not be reforming the contract based on a mistake of the parties

---

[5] *See, e.g.,* 18 G.C.A. § 87104 (2005) ("The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity."); 18 G.C.A. § 87105 (2005) ("When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible; subject, however, to the other provisions of this Chapter.")

*Guam Auto Spot vs. Leslie*
Case No. CV1051-17
Decision and Order

Page 8 of 12

but would be saving a statutorily proscribed and void provision. *See Kolani v. Gluska*, 75 Cal.Rptr. 2d 257, 260 (Cal. App. 1998) ("Generally courts reform contracts only where the parties have made a mistake, and not for the purpose of saving an illegal contract."). Therefore, the Court finds the non-compete provision of the NDA to be void and unenforceable.

## II. Plaintiff's Complaint fails to allege facts to support a breach of contract claim under the Confidential Information provision of the NDA

In the Complaint, Plaintiff alleges that Defendant breached the terms of the confidentiality provision of the NDA because he took a job with Nissan Corp. In Count 1 – Breach of Contract, Plaintiff alleges as follows:

43. A mere few weeks after resigning from Guam Auto Spot, Defendant obtained employment with its direct competitor, Nissan Corp.

44. The confidentiality provision of the NDA restricts Defendant from divulging or using any of Guam Auto Spot's confidential information.

45. Defendant has violated the confidentiality provision of the NDA by using the confidential information for his own benefit and for the benefit of Nissan Corp.

46. Specifically, Defendant has retained knowledge of Guam Auto Spot's systems information, marketing, and customer information.

(Compl. at 7). Under the NDA, Defendant agreed that he would not, "directly or indirectly, disclose to anyone outside of the Company any Confidential Information or use any [C]onfidential Information (as hereinafter defined) other than pursuant to [his] employment by and for the benefit of the Company." (Compl., Ex. B at ¶ 7). The NDA defines "Confidential Information" as

any and all trade secrets and any and all data or information not generally known outside of the Company whether prepared or developed by or for the Company or received by the Company from any outside source. Without limiting the scope of this definition, Confidential Information includes any customer files, customer lists, any business, marketing, financial or sales record, data, plan, or survey; and any other record or information relating to the present or future business, product or service of the Company. All Confidential Information and copies thereof are the sole property of the Company. Notwithstanding the foregoing, the term Confidential Information shall not apply to information that the Company has

*Guam Auto Spot vs. Leslie*
Case No. CV1051-17
Decision and Order

Page 9 of 12

voluntarily disclosed to the public without restriction, or which has otherwise lawfully entered the public domain.

*Id.* The Complaint only alleges that Defendant "retained knowledge" of Auto Spot's systems, information, marketing, and customer information. Even assuming this fact to be true, as Defendant argues, the Complaint does not allege that he "divulge[d] or use[d] any of Auto Spot's confidential information," as agreed to in the NDA. *See* Reply at 5, Dec. 13, 2017. The Court does not find that Defendant's subsequent employment at Nissan Corp., alone, amounts to a breach of contract pursuant to the confidentiality provision of the NDA. Plaintiff argues that "Guam Auto Spot has reason to believe that Defendant has used or disclosed its confidential information while in the employ of Nissan" and that "it has not conducted any discovery in this matter nor has it had the opportunity to amend its complaint, if needed, to allege additional facts or arguments which could create a cognizable claim if it is deemed lacking in its present pleading." (Opp'n at 6).

GRCP Rule 15 provides that leave of court is required to amend a pleading after a responsive pleading is filed or when no responsive pleading is permitted, "and leave shall be freely given when justice so requires." Guam R. Civ. P. 15(a). The Supreme Court of Guam further provides that the trial court must consider factors set forth in *Foman v. Davis*, 371 U.S. 178 (1962) in evaluating whether a party should be granted leave to amend his or her pleading.[6] *See Arashi & Co. v. Nakashima Enter., Inc.*, 2005 Guam 21 ¶ 16 ("While leave to amend pleadings should be liberally granted, *Foman* directs courts to review whether certain factors are present which may mitigate against leave to amend.").

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; *this mandate is to be heeded . . . in the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously*

---

[6] GRCP Rule 15(a) is identical to Federal Rules of Civil Procedure 15(a). *See Arashi & Co.*, 2005 Guam 21 ¶ 16. "The Rule reflects two of the most important principles behind the Federal Rules: pleadings are to serve the limited role of providing the opposing party with notice of the claim or defense to be litigated, and 'mere technicalities' should not prevent cases from being decided on the merits." *Monahan v. New York City Dept. of Corrections*, 214 F.3d 275, 283 (2d Cir. 2000) (citing *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957) and *Foman v. Davis*, 371 U.S. 178 (1962)).

*Guam Auto Spot vs. Leslie*
Case No. CV1051-17
Decision and Order

Page **10** of **12**

*allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.* – the leave sought should, as the rules require "be freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the . . . court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman*, 371 U.S. at 182 (emphasis added). At this stage in the proceedings, the Court will give Plaintiff an opportunity to file an Amended Complaint as it relates to the cause of action regarding the NDA confidentiality provision. As this matter was filed in late 2017 and has not yet had a Scheduling Conference to set a trial date, the Court does not find that it would be amended after undue delay, that Plaintiff would be acting in bad faith or dilatory motive, that it would cause undue prejudice to Defendant, or that it would be futile. The Court acknowledges that Defendant attached a Declaration in Support of the Motion for Judgment on the Pleadings in which he states that he has not used or disclosed any confidential information of Auto Spot outside of his employment, but that he does use software that is common amongst dealerships nationwide. *See* Mot., Decl. of Jeremy Leslie. As this Motion came before the Court pursuant to 12(c) and 12(b)(6) of the Guam Rules of Procedure, the Court does not find it appropriate to consider the statements in the Declaration as it is to look only at the facts alleged in the Complaint and assume them to be true. *See Yokeno v. Lai*, 2014 Guam 18 ¶ 20 (when reviewing a claim under this standard, the court must "take as true the material facts alleged"). Additionally, although the NDA as attached to the Complaint as Exhibit B is dated May 2, 2016, because the Confidentiality Information provision does not have a time limitation, the Court finds that Defendant continues to be held to that provision.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS IN PART Defendant's Motion for Judgment on the Pleadings. The Court finds that the non-compete provision of the NDA is void and unenforceable. The Court, however, will allow Plaintiff to amend its Complaint as it relates to its cause of action regarding the confidentiality provision of the NDA. Plaintiff is to file its First Amended Complaint by ____April 16, 2018____. Defendant will have twenty (20)

*Guam Auto Spot vs. Leslie*
Case No. CV1051-17
Decision and Order

Page 11 of 12

days from service of the Amended Complaint to file an Answer. A Scheduling Conference is set for _June 1, 2018_ at 9:30 a.m.

**IT IS SO ORDERED** this _14th_ day of March, 2018.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT ~~~
I acknowledge that a copy of the
original hearing was placed in the
court box
M. DEINHART
R. Taimanao-Ayuyu
3/14-8:07
Deputy Clerk of the Superior Court

*Guam Auto Spot vs. Leslie*
Case No. CV1051-17
Decision and Order

Page **12** of **12**